BENJAMIN B. WAGNER
United States Attorney
KEVIN C. KHASIGIAN
Assistant U. S. Attorney
501 I Street, Suite 10-100
Sacramento, CA  95814
Telephone:  (916) 554-2700

Attorneys for the United States

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>          Plaintiff,<br><br>     v.<br><br>REAL PROPERTY LOCATED AT 21968 ROCKAWAY ROAD, NORTH SAN JUAN, CALIFORNIA, NEVADA COUNTY, APN: 60-210-01, INCLUDING ALL APPURTENANCES AND IMPROVEMENTS THERETO,<br><br>          Defendant. | 2:12-CV-00824-WBS-KJN<br><br>FINAL JUDGMENT OF FORFEITURE |

Pursuant to the Stipulation for Final Judgment of Forfeiture, the Court finds:

1.      This is a civil forfeiture action against the following real property located at 21968 Rockaway Road, North San Juan, California, Nevada County, APN: 60-210-01 (hereafter referred to as the "defendant property") and more fully described as:

THE LAND REFERRED TO HEREIN BELOW IS SITUATED IN THE UNINCORPORATED AREA, COUNTY OF NEVADA, STATE OF CALIFORNIA, AND IS DESCRIBED AS FOLLOWS:

Lots 3, as shown on the Official Map of Subdivision of Bert Burda property, as filed in the Office of the County Recorder of the County of Nevada on September 27, 1965, in Book 2 of Subdivisions at page 58.

2.      A Verified Complaint for Forfeiture *In Rem* ("Complaint") was filed on March 30, 2012, alleging that said defendant property is subject to forfeiture to the United States

pursuant to 21 U.S.C. § 881(a)(7).

3. On May 18, 2012, the defendant property was posted with a copy of the Complaint and Notice of Complaint.

4. Beginning on May 11, 2012, for at least 30 consecutive days, the United States published Notice of the Forfeiture Action on the official internet government forfeiture site www.forfeiture.gov. A Declaration of Publication was filed on June 11, 2012.

5. In addition to the public notice on the official internet government forfeiture site www.forfeiture.gov, actual notice or attempted notice was given to the following individuals:

    a. Duane Burda

    b. Diane Gerigk

6. On May 18, 2012, claimant Duane Burda filed a claim alleging an interest in the defendant property. Diane Gerigk filed a claim of interest on May 25, 2012 alleging an interest in the defendant property. No other parties have filed claims or answers in this matter, and the time for which any person or entity may file a claim and answer has expired.

Based on the above findings, and the files and records of the Court, it is hereby ORDERED AND ADJUDGED:

7. The Court adopts the Stipulation for Final Judgment of Forfeiture entered into by and between the parties to this action.

8. Judgment is hereby entered against claimants Duane Burda and Diane Gerigk and all other potential claimants who have not filed claims in this action.

9. Within ninety (90) days of the entry of Final Judgment of Forfeiture, claimant Duane Burda shall send a cashier's check for $5,200.00 made payable to the U.S. Marshals Service to the U.S. Attorney's Office, Attn: Asset Forfeiture Unit, 501 I Street, Suite 10-100, Sacramento, CA 95814. All right, title, and interest in said funds shall be

substituted for the defendant property and forfeited to the United States pursuant to 21 U.S.C. § 881(a)(7).

10. Within thirty (30) days of full payment of the settlement amount, the United States shall record a withdrawal of lis pendens against the defendant property.

11. If payment in full is not made within the time stipulated above, claimant Duane Burda will be deemed to be in default of this stipulation and the U.S. Marshals Service shall be authorized to sell the defendant property, in the most commercially feasible manner, as soon as reasonably possible, for the maximum price.  Through the sale of the defendant property, the United States shall receive the net proceeds up to $5,200.00, less payments for costs of selling the property, cleanup, other expenses incurred, and any legitimate liens that exist on the defendant property.  Duane Burda and Diane Gerigk shall receive all remaining amounts after the United States' interest, payment of costs of sale, legitimate liens, and costs incurred by the U.S. Marshals Service.

12. The United States and its servants, agents, and employees and all other public entities, their servants, agents, and employees, are released from any and all liability arising out of or in any way connected with the filing of the Complaint and the posting of the defendant real property with the Complaint and Notice of Complaint.  This is a full and final release applying to all unknown and unanticipated injuries, and/or damages arising out of the filing of the Complaint and the posting of the defendant real property with the Complaint and Notice of Complaint, as well as to those now known or disclosed.  Claimants waived the provisions of California Civil Code § 1542.

13. There was reasonable cause for the posting of the defendant property and the commencement and prosecution of this forfeiture action, and the Court may enter a Certificate of Reasonable Cause pursuant to 28 U.S.C. § 2465.

14. All parties will bear their own costs and attorneys' fees, if any.

///

///

///

Final Judgment of Forfeiture

15. The U.S. District Court for the Eastern District of California shall retain jurisdiction to enforce the terms of the Final Judgment of Forfeiture.

Dated: August 12, 2013

_____
WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

## CERTIFICATE OF REASONABLE CAUSE

Based upon the allegations set forth in the Complaint filed March 30, 2012, and the Stipulation for Final Judgment of Forfeiture filed herein, the Court enters this Certificate of Reasonable Cause pursuant to 28 U.S.C. § 2465, that there was reasonable cause for posting of the defendant real property, and for the commencement and prosecution of this forfeiture action.

Dated: August 12, 2013

_____
WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE